IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-18-0470 |
| SEANN JONES | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Seann Jones's second *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c). (ECF No. 51.) Jones pled guilty in 2019 to possession with intent to distribute cocaine and heroin and possession of a firearm and ammunitions by a felon, for which he received a total sentence of 133 months' incarceration. (Plea Agreement, ECF No. 23; Judgment, ECF No. 33.) The Court denied Jones's first Motion for Compassionate Release without prejudice after finding that he had failed to exhaust administrative avenues for relief prior to filing. (ECF No. 43.) The instant Motion is ripe for disposition and no hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2021). The Motion will be denied.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the

1

defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Jones satisfied the administrative exhaustion requirement by filing a request for compassionate release with the warden of the prison where he is incarcerated on August 17, 2022. (Ex. B to Mot. Compassionate Release, ECF No. 51-1.) The Court must therefore determine (1) whether Jones has established the existence of "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), and (2) if so, whether granting compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

## I. *Extraordinary and Compelling Reasons*

The United States Sentencing Commission, pursuant to its mandate under 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction," has stated that such reasons exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of their term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the BOP determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D). Following the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "removed the BOP from [its] gatekeeping role," the Court of Appeals for the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 274, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Jones argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting his compassionate release, both because he has underlying medical conditions and because he has previously contracted the virus during his incarceration. (ECF No. 51 at 11.) While the Court appreciates Jones's concerns, it does not find that they rise to the level of "extraordinary and compelling" under the meaning of § 3582(c)(1)(A). The only preexisting conditions to which Jones cites are chronic pain and a lower leg amputation, both resulting from a shooting that he survived; he does not allege, and the Court is not aware, that either of those conditions puts him at higher risk for serious COVID-19 infection. (*Id.* at 4.) Further, his BOP Individualized Needs Plan indicates that he has no medical restrictions and receives "healthy or simple chronic [health]care." (Ex. A to Mot. Compassionate Release, ECF No. 51-1.) The Individualized Needs Plan also indicates that Jones had "recovered" from COVID-19 as of January 11, 2022, and Jones alleges no lingering symptoms or ongoing health troubles resulting from his prior infection. Even assuming that Jones's preexisting conditions put him at higher risk of serious COVID-19 infection, at this stage of the pandemic, and particularly in light of the widespread availability of vaccines, they would be insufficient to establish an extraordinary and compelling ground for relief. *See United States v. Langford*, Crim. No. JKB-15-0539, 2022 WL 1443868, at *2 (D. Md. May 6, 2022) (concluding that the "widespread availability of vaccines . . . tip[ped] the balance against" finding that defendant's hypertension, obesity, and unsubstantiated cancer diagnosis constituted extraordinary and compelling reasons). Because Jones has presented no extraordinary and compelling reason warranting his compassionate release, the Court need not conduct a § 3553(a) analysis.[1]

---

[1] While the Court commends Jones on his apparent commitment to rehabilitation—as evidenced by his lengthy educational transcript, "clear institutional conduct," and participation in the Reintegration Unit at his current prison facility (*see generally* ECF No. 51-1)—it notes that the seriousness of Jones's underlying conduct, his self-described "significant criminal history" (ECF No. 50 at 4), and the length of time remaining on his sentence ultimately counsel

3

## II. Conclusion

For the reasons stated above, it is hereby ORDERED that Defendant Seann Jones's Motion for Compassionate Release (ECF No. 51) is DENIED.

Dated this ___1___ day of February, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

---

against his early release at this time. *See United States v. Bryant*, Crim. No. CCB-95-0202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020) (enumerating § 3553(a) factors, including "(1) [the defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.").