IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-18-0470** |
| **SEANN JONES,** | * | |
| Defendant. | * | |

\* . \* \* \* \* \* . \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Seann Jones' Motion, which the Court construes as seeking a sentence reduction. (ECF No. 57.) Jones seeks a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (*Id.*) He also argues that his 18 U.S.C. § 922(g) conviction is unconstitutional pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). (*Id.*) The Motion will be denied.

Amendment 821 is a multi-part amendment, and Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Part B provides a mechanism for certain zero-point offenders (*i.e.*, criminal defendants with no criminal history points) to obtain a reduction of their offense level. *See* U.S.S.G. § 4C1.1. Jones does not appear to have received any status points, nor is he a zero-point offender. (*See generally* ECF No. 26.) He therefore cannot avail himself of Amendment 821 for a sentence reduction.

Jones' argument that his conviction is unconstitutional pursuant to *Bruen* likewise affords him no relief. He pleaded guilty to two counts, one of which was 18 U.S.C. § 922(g)(1), possession of a firearm and ammunition by a felon. (ECF No. 23.) This type of claim is more properly

brought in a 28 U.S.C. § 2255 motion. However, such a motion would likely be time-barred and denied on the merits. 28 U.S.C. § 2255 provides that a one-year limitations period applies to such motions, which runs from, *inter alia*, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Bruen* was decided in 2022, and the Court received the pending motion in 2025. And in any event, the Fourth Circuit has recently rejected constitutional challenges to 18 U.S.C. § 922(g)(1). *See United States v. Bever*, No. 23-4521, 2025 WL 702082, at *1 (4th Cir. Mar. 5, 2025) (first citing *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024); and then citing *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024)).

Accordingly, it is ORDERED that Defendant's Motion (ECF No. 57) is DENIED.

DATED this _11_ day of June, 2025.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge